No. 24-1817

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

**NOTARC PORT INVESTMENT LLC, NOTARC INVESTMENT PARTNERS LLC, COASTAL INFRASTRUCTURE PARTNERS, LLC, DION L. BOWE, AND LESLIE C. BETHEL,**

*Appellants,*

v.

**LANDBRIDGE PORT SERVICES (HONG KONG) LTD.**

*Appellee.*

On Appeal from the United States District Court for the District of Delaware in Case No. 1-24-cv-00397-GBW
United States District Judge Gregory B. Williams

## APPELLANTS' RESPONSE TO THE CLERK OF COURT'S MAY 2, 2024 ORDER

John Arrastia, Jr.
Jennifer M. Hernandez
CONTINENTAL PLLC
255 Alhambra Circle
Suite 640
Coral Gables, FL 33134
Telephone: (305) 677-2707
jarrastia@continentalpllc.com
jhernandez@continentalpllc.com

Chad S.C. Stover
Delaware Bar No. 4919
BARNES & THORNBURG LLP
222 Delaware Avenue
Suite 1200
Wilmington, DE 19801
Telephone: (302) 300-3474
Facsimile: (302) 300-3456
chad.stover@btlaw.com

*Counsel for Appellants*

# TABLE OF CONTENTS

INTRODUCTION ............................................................................ 1

BACKGROUND ........................................................................... 1

ARGUMENT ................................................................................ 7

   I.   The Memorandum Order is Immediately Appealable as an Order that Has the Effect of Denying a Motion to Compel Arbitration. ......... 7

     A.   The Memorandum Order Had the Effect of Denying the Notarc Parties' Pending Motion to Compel Arbitration ............................... 11

     B.   In Addition, to the Extent Not Supplanted by Section 16, the Collateral Order Doctrine Provides a Basis for Appellate Review because the Denial of The Motion to Compel Arbitration is Distinct and Precedes The Remand under § 1447 ........................................... 14

   II.   Neither *Dahiya* Nor *Harrison* Renders The Memorandum Order Unappealable To The Extent That It Is An Order Denying the Motion to Compel Arbitration ..................................................................... 17

   III. The Federal Arbitration Act Provides for an Immediate Appeal from an Order Denying a Motion to Compel Arbitration and the Procedural Posture of Remand Cannot Alter a Parties' Rights under the FAA ................................................................................... 23

CONCLUSION ....................................................................... 26

# <u>TABLE OF AUTHORITIES</u>

## Cases

*1621 Route 22 W. Operating Co., LLC v. Nat'l Labor Relations Bd.,*
  825 F.3d 128 (3d Cir. 2016) .................................................... 22

*A.S. ex rel. Miller v. SmithKline Beecham Corp.,*
  769 F.3d 204 (3d Cir. 2014) .................................................... 10

*Acosta v. Master Maint. & Const. Inc.,*
  452 F.3d 373 (5th Cir. 2006) ................................................... 21

*Amizola v. Dolphin Shipowner, S.A.,*
  354 F. Supp. 2d 689 (E.D. La. 2004) .................................... 19

*Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.,*
  179 F.3d 1279 (11th Cir. 1999).............................................. 17

*ATAC Corp. v. Arthur Treacher's, Inc.,*
  280 F.3d 1091 (6th Cir. 2002)................................................ 15

*Bacon v. Avis Budget Grp., Inc.,*
  959 F.3d 590 (3d Cir. 2020) .................................................... 23

*Beiser v. Weyler,*
  284 F.3d 665 (5th Cir. 2002).................................................. 10

*Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.,*
  866 F.3d 709 (5th Cir. 2017).................................................. 24

*Carr v. Am. Red Cross,*
  17 F.3d 671 (3d Cir. 1994) ...................................................... 16

*City of Waco v. United States Fidelity & Guaranty Co.,*
  293 U.S. 140 (1934)................................................................ 17

*Coinbase, Inc. v. Bielski,*
  599 U.S. 736 (2023) ....................................................................8, 10, 25

*Commc'n Workers of Am., AFL-CIO v. Am. Tel. & Tel. Co.,*
  932 F.2d 199 (3d Cir. 1991) ...................................................8, 16, 21, 25

*ConArt, Inc. v. Hellmuth, Obata + Kassabaum, Inc.,*
  504 F.3d 1208 (11th Cir. 2007) ...............................................................15

*Dahiya v. Talmidge Int'l, Ltd.,*
  371 F.3d 207 (5th Cir. 2004) ..............................................................7, 17

*Dahiya v. Talmidge Int'l Ltd.,*
  487 F. Supp. 3d 529 (E.D. La. 2020) .....................................................20

*Dahiya v. Talmidge Int'l Ltd.,*
  931 So. 2d 1163 (La. Ct. App.),
  *writ denied,* 943 So. 2d 1088 (La. 2006) ...............................................19

*Dahiya v. Talmidge Int'l, Ltd.,*
  2002 WL 31962151 (E.D. La. Oct. 11, 2002) ...................................17, 18

*Ehleiter v. Grapetree Shores, Inc.,*
  482 F.3d 207 (3d Cir. 2007) ...................................................................17

*Green Tree Fin. Corp.-Alabama v. Randolph,*
  531 U.S. 79 (2000).....................................................................................26

*Harrisson v. NCL (Bahamas) Ltd.,*
  691 F.3d 1308 (11th Cir. 2012)......................................................7, 22, 23

*Harrisson v. NCL (Bahamas) Ltd.,*
  707 F.3d 1254 (11th Cir. 2013).................................................................22

*Henry on behalf of BSC Ventures Holdings, Inc. Employee Stock
Ownership Plan v. Wilmington Tr. NA,*
72 F.4th 499, 505 (3d Cir. 2022) ....................................................... 9, 23

*Henry Schein, Inc. v. Archer and White Sales, Inc.,*
586 U.S. 63 (2019) ................................................................................ 12

*Intertec Contracting A/S v. Turner Steiner Int'l, S.A.,*
6 F. App'x 61 (2d Cir. 2001) ........................................................ passim

*Johnson v. Consumerinfo.com, Inc.,*
745 F.3d 1019 (9th Cir. 2014) ............................................................. 14

*KPMG LLP v. Cocchi,*
565 U.S. 18, 132 S. Ct. 23, 181 L. Ed. 2d 323 (2011) ...........................6

*Lejano v. K.S. Bandak,*
2000 WL 33416866 (E.D. La. Nov. 3, 2000) ....................................... 19

*Palcko v. Airborne Express, Inc.,*
372 F.3d 588 (3d Cir. 2004) ...........................................................21, 25

*Pena v. 220 E. 197 Realty LLC,*
2023 WL 3221019 (2d Cir. May 3, 2023) ............................................ 15

*Republic of Kazakhstan v. Chapman,*
585 F. Supp. 3d 597 (S.D.N.Y. 2022) .................................................. 13

*Sandvik AB v. Advent Int'l Corp.,*
220 F.3d 99 (3d Cir. 2000) ................................................................... 17

*Sarah Car Care, Inc. v. LogistiCare Sols., LLC,*
2023 WL 5378845 (3d Cir. Aug. 22, 2023) ....................................... 9, 22

iv

*Sedco, Inc. v. Petroleos Mexicanos Mexican National Oil Co.,*
 767 F.2d 1140 (5th Cir. 1985) ................................................ 11

*Doe v. Tonti Mgmt. Co., L.L.C.,*
 24 F.4th 1005 (5th Cir. 2022) ............................................... 15

*United States v. Mejia-Duarte,*
 780 F. App'x 730 (11th Cir. 2019) ........................................ 22

**Statutes**

28 U.S.C. § 1447(d) ...................................................... *passim*

9 U.S.C. § 16 .............................................................. *passim*

9 U.S.C. § 203 ......................................................... 5, 11, 24

9 U.S.C. § 205 ..................................................... 5, 11, 20, 21

**Treatises**

Inter-American Convention on International Commercial
 Arbitration ................................................................ 1, 4, 11

United Nation's Convention on the Recognition of Foreign Arbitral
 Awards ....................................................................... *passim*

## **INTRODUCTION**

Appellants Notarc Port Investment LLC ("Notarc Port"), Notarc Investment Partners LLC ("Notarc Partners"), Coastal Infrastructure Partners LLC ("Coastal Partners"), Dion L. Bowe, and Leslie C. Bethel (collectively, "Notarc Parties") seek review of the Memorandum Order because it is an order that denies a motion to compel arbitration, which Congress has made immediately and specifically appealable pursuant to 9 U.S.C. § 16. In addition, the district court's separable substantive ruling on the motion to compel arbitration is a logically and factually distinct ruling that preceded remand and is subject to review under the collateral order doctrine. Neither 28 U.S.C. § 1447(d) nor *Dahiya* and *Harrison* divest this Court of appellate jurisdiction to review a motion to compel arbitration under the Federal Arbitration Act ("FAA"), the United Nation's Convention on the Recognition of Foreign Arbitral Awards ("NY Convention") and the Inter-American Convention on International Commercial Arbitration ("Panama Convention").

## **BACKGROUND**

On February 9, 2024, Plaintiff-Appellee Landbridge Port Services (Hong Kong) Ltd. ("LPS HK"), a Chinese-owned company, initiated this action alleging a convoluted conspiracy in which its partner, another

1

Chinese-owned company, Sinolam Consulting & Trading Holdings Pte. Ltd. ("Sinolam") and its principal, Liang Zhang, converted (over the course of several years, and somehow without LPS HK's knowledge) its 51% interest in Landbridge Holdings, Inc. ("LHI") and the corresponding rights to a contract for the development of a massive, billion-dollar port project at the mouth of the Panama Canal. *See generally* Dkt.[1] 2-1. By any objective measure, the development project was in default, and the Panamanian Maritime Authority had taken steps to cancel the contract when Notarc Port purchased the rights to develop the project from LHI as a bona fide purchaser ("Notarc Transaction"). *See* First Federal Action,[2] Dkt. 28-1 ¶¶ 6–11. Notarc Port resurrected the failing project, and negotiated a new, extended port development contract was later authorized by the Panamanian legislature. *Id.* ¶¶ 14–19.

This lawsuit is the third pending action involving the same dispute. In February 2023, Plaintiff-Appellee commenced its first action in

---

[1] "Dkt. ___" refers to docket entries in the underlying case, C.A. No. 24-397-GBW (D. Del.).

[2] "First Federal Action" refers to *Landbridge Port Services (Hong Kong) Ltd. v. Notarc Port Investment LLC, et al.*, C.A. No. 24-cv-254-GBW (D. Del.). "First Federal Action, Dkt. __" refers to the docket entries in the First Federal Action.

Barbados ("Barbados Action") to "be reinstated as the rightful 51% stockholder" of Landbridge Holdings, Inc. ("LHI") and nullify "all transactions relating to LHI carried out by Zhang and his co-conspirators." Dkt. 2-1 ¶ 22. That case is still ongoing. *Id.* ¶ 189. In September 2023, Notarc Port, Coastal Partners, and other nonparties filed an arbitration before the Conciliation and Arbitration Center of Panama ("Panama Arbitration") seeking a declaration that they are bona fide purchasers in the Notarc Transaction. Dkt. 2-1 ¶ 236. That proceeding is at its earliest stages. First Federal Action, Dkt. 33 at 20. Months later, Plaintiff brought this case, in part, to enjoin the Panama Arbitration from proceeding and to have the issues in the Panama Arbitration instead adjudicated in a Delaware court. Dkt. 2-1 ¶¶ 253, 409.

On February 26, 2024, Defendants Liang Zhang and Sinolam (together, "Sinolam Defendants") removed this action. *See* First Federal Action, Dkt. 2. In their Notice of Removal, the Sinolam Defendants argued the district court had subject matter jurisdiction over the dispute because it relates to an international commercial arbitration governed by the NY Convention and the Panama Convention because Plaintiff's

action directly attacks the validity of a pending arbitration in Panama. *Id.* ¶ 9.

On March 8, 2024, LPS HK filed its Motion to Remand in the First Federal Action, arguing the district court lacked subject matter jurisdiction. First Federal Action, Dkt. 17 ("First Motion to Remand"). On March 15, 2024, the Notarc Parties filed their Motion to Compel to compel all parties with an interest in LHI to arbitrate their claims in the Panama Arbitration. First Federal Action, Dkt. 32 ("Motion to Compel Arbitration"). On March 21, 2024, the district court held oral argument on the First Motion to Remand. At the hearing, counsel for the Notarc Parties was clear: although the pending Motion to Compel Arbitration presented a federal question, the district court's inquiry on the First Motion to Remand was limited to the record upon removal and it was not being asked to consider the Motion to Compel Arbitration as a basis for supporting the Sinolam Defendants' removal.[3] First Federal Action, Dkt. 43, Transcript of March 21, 2024 Oral Argument, at 37:8–14.

---

[3] Counsel for Notarc Parties also noted that a "motion to compel an arbitration falling under the Convention, like this one, ***creates original jurisdiction*** in the District Court." First Federal Action, Dkt. 43, Transcript of March 21, 2024 Oral Argument, at 37:8–14 (emphasis added).

4

On March 27, 2024, the district court issued an order granting Plaintiff's First Motion to Remand ("March 27 Order"). The district court—while acknowledging a circuit split between the Second and Fifth Circuits (among others)—held that a defendant must independently establish subject matter jurisdiction under 9 U.S.C. § 203 when the defendant seeks to remove a case under 9 U.S.C. § 205. First Federal Action, Dkt. 49 at 5. The district court noted although it "is required to 'base [its] decision on the record existing at the time the petition for removal was filed,' Defendants have since filed a motion to compel that would, on its face, appear to grant jurisdiction under § 203." First Federal Action, D.I. 49 at 7 (internal footnotes and citations omitted). The Court went on to conclude that re-removal might be appropriate and left it to Defendants to assess whether to pursue it. *Id.* at 8.

On March 28, 2024, the Notarc Parties re-removed this action to federal court based on the Motion to Compel Arbitration. Dkt. 2. On April 2, 2024, Plaintiff filed its second Motion to Remand ("Second Motion to Remand"). Dkt. 25. On April 8, 2024, Plaintiff withdrew its objections to the purported "procedural defects" in the re-removal, namely its argument that the Notarc Defendants' removal was premature and that

the motion to compel was mooted by the March 27 Order. Dkt. 36 at 1. On April 23, 2024, Plaintiff filed its opposition to the Notarc Parties' Motion to Compel Arbitration. *See* Dkt. 49.

On April 24, 2024, the district court rendered its "Memorandum Order." In the Order, the district court reasoned that "[i]f the claims are derivative, Landbridge could likely be bound by the arbitration under 'background principles of contract law.'" *Id.* at 5 (citation omitted). The court then concluded that Plaintiff's claims "are thus direct claims for its own interests, and not derivative claims that could be subject to arbitration." *Id.* at 7. In reaching this conclusion, the district court focused on only some of Plaintiff's claims while ignoring plainly derivative claims asserted by LPS HK, such as seeking to void the contract LHI entered into with the Notarc Parties. *Id.* at 5–6.[4]

---

[4] The Notarc Parties have acknowledged that Plaintiff's Complaint asserts *both* derivative and direct claims, and seek to compel the derivative claims. Dkt. 43, 4 n.2; *see also KPMG LLP v. Cocchi*, 565 U.S. 18, 21–22, 132 S. Ct. 23, 25–26, 181 L. Ed. 2d 323 (2011) ("when a complaint contains both arbitrable and nonarbitrable claims, the Act requires courts to 'compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums'") (internal citations omitted).

The district court then found that it could analyze the issue of arbitrability because it concluded "that the parties did not agree to resolve their dispute via arbitration." Dkt. 50 at 8. The district court ultimately adjudicated the Motion to Compel Arbitration by "find[ing] that Defendants do not have a plausible claim of arbitrability." *Id.*

## ISSUE

The Court has instructed the parties to address this Court's jurisdiction to review the Memorandum Order, citing 28 U.S.C. § 1447(d), *Harrisson v. NCL (Bahamas) Ltd.*, 691 F.3d 1308, 1311–12 (11th Cir. 2012), and *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 210–11 (5th Cir. 2004).

## ARGUMENT

### I.  The Memorandum Order is Immediately Appealable as an Order that Has the Effect of Denying a Motion to Compel Arbitration.

In the Federal Arbitration Act, Congress has made orders denying motions to compel arbitration immediately appealable.[5] 9 U.S.C. § 16; *see*

---

[5] "The FAA was amended in 1988 and 1990 to provide that an appeal may be taken from an order 'denying a petition under section 4 of ... [the FAA] to order arbitration to proceed,' and from an order 'denying an application under section 206 of ... [the Convention] to compel arbitration.'" *Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, 6 F.

7

*also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740, 743 (2023). "This is true even in the remand context because while '28 U.S.C. § 1447(d) makes an order remanding a case non-appealable; it does not affect the appealability of the denial of motion to compel arbitration.'" *Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, 6 F. App'x 61, 62 (2d Cir. 2001) ("section 1[6] makes clear that with respect to an interlocutory order issued in an ongoing proceeding, any order favoring litigation over arbitration is immediately appealable[.]" (citing and quoting *Commc'n Workers of Am., AFL-CIO v. Am. Tel. & Tel. Co.*, 932 F.2d 199, 207 (3d Cir. 1991)). The *Intertec* Court acknowledged the "tension between 9 U.S.C. § 16(a)(1)(B), (C) and 28 U.S.C. § 1447(d)." *Id.* It reasoned that while

> 28 U.S.C. § 1447(d) makes an order remanding a case non-appealable; it does not affect the appealability of the denial of motion to compel arbitration. In this case, [appellant] is appealing the denial of its motion to compel arbitration, which clearly is appealable under 9 U.S.C. § 16(a)(1)(B), (C). [Appellant] is not appealing an order of the district court remanding a case to State court. Therefore, 9 U.S.C. §

---

App'x 61, 62 (2d Cir. 2001) (citations and quotations omitted). Thus, cases concerning arbitrability before that statutory enactment have limited value.

16(a)(1)(B), (C) controls in this case and this Court retains jurisdiction to hear [appellant's] appeal.

*Intertec Contracting,* 6 F. App'x at 62.

In determining appellate jurisdiction of an order denying a motion to compel arbitration, the Third Circuit looks to the substance of the motion and order, without limiting courts to a technical form, concluding that "all orders that have the effect of declining to compel arbitration are reviewable" under 9 U.S.C. § 16(a). *Henry on behalf of BSC Ventures Holdings, Inc. Employee Stock Ownership Plan v. Wilmington Tr. NA*, 72 F.4th 499, 505 (3d Cir. 2022), *cert. denied sub nom. Wilmington Tr., N.A. v. Henry on Behalf of BSC Ventures Holding, Inc.*, 144 S. Ct. 328, 217 L. Ed. 2d 171 (2023) (cleaned up) (internal citations omitted); *see also Sarah Car Care, Inc. v. LogistiCare Sols., LLC,* 2023 WL 5378845, at *1 (3d Cir. Aug. 22, 2023) ("However, under the Federal Arbitration Act, a party may immediately appeal 'orders that have the effect of declining to compel arbitration.'").

Adhering to the statutory right of immediate appeal from an order denying a motion to compel arbitration does not implicate the policy underlying § 1447(d), which is "to prevent delay in the trial of remanded cases by avoiding protracted litigation of jurisdictional issues." *A.S. ex*

*rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 214–15 (3d Cir. 2014) (citations and quotation omitted).   In reaffirming that courts should automatically stay proceedings during an appeal under 9 U.S.C. § 16, the Supreme Court flatly rejected the claim that an appellant's stay and statutory appellate rights under the FAA would "encourage frivolous appeals that would improperly delay district court proceedings." *Coinbase, Inc.*, 599 U.S. at 744.

In this appeal, the Notarc Parties only seek review of the Memorandum Order as an order that has the effect of denying their Motion to Compel Arbitration. In examining the Memorandum Order, it is critical to maintain the distinction between the merits of the motion to compel and the jurisdictional analysis relevant to remand.   As the Fifth Circuit reasoned in the oft-cited case of *Beiser v. Weyler*, 284 F.3d 665, 672 (5th Cir. 2002):

> the problems with conflating jurisdiction and the merits into a single step go beyond conceptual infelicity: conflating jurisdiction and the merits also could have consequences that are both irrational and inconsistent with our precedents. Most importantly, conflating jurisdiction and the merits would deprive defendants of an opportunity to appeal in a significant class of cases in which the district court concludes that the

arbitration clause under the Convention does not in fact provide a defense.[6]

*Id.* (noting further that "[b]ecause the refusal to enforce an arbitration clause under the Convention risks jeopardizing the United States's treaty obligations with 65 nations, the *Sedco* court held that appellate review of such refusals must be available notwithstanding a maritime law rule to the contrary") (citing *Sedco, Inc. v. Petroleos Mexicanos Mexican National Oil Co.,* 767 F.2d 1140, 1149 (5th Cir. 1985)).

Thus, if the Memorandum Order had the effect of denying the Motion to Compel Arbitration, it is appealable under 9 U.S.C. § 16.

### A. The Memorandum Order Had the Effect of Denying the Notarc Parties' Pending Motion to Compel Arbitration

Review of Memorandum Order illustrates that it was an order that had the effect of denying the Notarc Parties' Motion to Compel Arbitration, which makes it immediately appealable.

---

[6] References to the "Convention" or "NY Convention" are to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. The Federal Arbitration Act provides for specific treatment of the arbitrations falling under the NY Convention in Chapter 2 of that Act (e.g., § 203 regarding jurisdiction, § 205 regarding removal, and §206 regarding orders compelling arbitration). Chapter 3 of the Act provides similar treatment for arbitrations falling under the Panama Convention.

The Memorandum Order goes through a complete analysis of the Notarc Parties' Motion to Compel Arbitration as the predicate to granting remand. Notably, the "Discussion" section of the Memorandum Order refers to arbitration, arbitrator, or arbitrability over 25 times, without any substantive discussion of remand.  The district court acknowledged that "[i]f the claims are derivative, Landbridge could likely be bound by arbitration under 'background principles of contract law.'" Dkt. 50 at 5. The district court then went on to analyze whether Plaintiff's claims were derivative (*Id.* at 5–7), and analyzed the arbitration agreement at issue. *Id.* at 8 ("Because the Court finds the parties did not agree to resolve their dispute via arbitration, the Court does not need to permit the arbitrator to decide arbitrability.") The district court considered and decided these pure arbitration issues before concluding: "The Court finds that Defendants do not have a plausible claim of arbitrability." *Id.* at 8.[7]

Significantly, the Memorandum Order reaches its conclusion on

---

[7] The district court's ruling that "Defendants do not have a plausible claim of arbitrability" contravenes Supreme Court precedent. *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 71 (2019) (holding that when a contract delegates arbitrability to the arbitrators, a court may not override that contract, even if the Court thinks the arbitrability claim is "wholly groundless").

remand after analyzing arguments that were not raised in the remand briefing[8] and instead raised in the Motion to Compel Arbitration briefing. For example, the Memorandum Order states that "Notarc [Parties] argue that an arbitration-related defense is sufficient for a case to 'relate to' and 'intertwine' an arbitration, on the grounds of equitable estoppel." Memorandum Order at 7 (citing D.I. 43, Answering Brief in Opposition to Plaintiff's Motion to Remand at 9–11). But there is no reference to equitable estoppel in that Answering Brief. There is, however, such a reference in the Opening Brief in Support of the Motion to Compel Arbitration. First Federal Action, Dkt. 33 at 18. Similarly, the only reference to "interwine" in the response to Plaintiff's remand motion cited by the district court is the single statement concluding argument on the NY Convention's concept of "related-to" jurisdiction.[9] The argument

---

[8] In the remand briefing, the Notarc Parties argued that the district court should not have considered the merits of the Motion to Compel Arbitration at the remand stage. Dkt. 43 at 8–9; *see also Republic of Kazakhstan v. Chapman,* 585 F. Supp. 3d 597, 607 (S.D.N.Y. 2022) ("The plaintiffs argue that the motion to compel arbitration is without merit, and therefore cannot support jurisdiction. But these arguments go to the merits of the motion to compel arbitration, not to the Court's jurisdiction").

[9] The statement in full is "The Panama Arbitration is not just 'related to' Plaintiff's Complaint and the Notarc [Parties'] claims and defenses – they are directly connected and inextricably intertwined." Dkt. 43 at 11.

regarding "intertwined" is instead fully set forth in the Motion to Compel Arbitration, under the section entitled "On its Face, the Complaint Necessarily Intertwines The Panama Arbitration So That Plaintiff Should be Compelled to Arbitrate." *Id.* at 11–14.

The district court's Memorandum Order squarely dealt with the arguments in the Notarc Parties' Motion to Compel Arbitration and effectively denied that motion.

### B. In Addition, to the Extent Not Supplanted by Section 16, the Collateral Order Doctrine Provides a Basis for Appellate Review because the Denial of The Motion to Compel Arbitration is Distinct and Precedes The Remand under § 1447

The Memorandum Order is also immediately appealable pursuant to the collateral order doctrine, to the extent it has not been supplanted by 9 U.S.C. § 16. Since Congress enacted the entitlement to appellate rights under Section 16 of the FAA, courts have primarily used the collateral order doctrine to examine the right to appeal a non-final order not specifically permitted by Section 16.[10] Where the FAA applies to the

---

[10] *Johnson v. Consumerinfo.com, Inc.*, 745 F.3d 1019, 1022 (9th Cir. 2014) ("The structure of the statute thus suggests that Congress intended to remove appellate jurisdiction from all orders listed in § 16(b)(1)-(4), regardless of whether any such order could otherwise be deemed

determination of whether appellate jurisdiction exists, some courts have determined that the statute controls and supersedes the collateral order doctrine. *See Doe v. Tonti Mgmt. Co., L.L.C.*, 24 F.4th 1005, 1010 (5th Cir. 2022) ("§ 16 of the FAA provides a specific framework for determining whether and when an appeal is proper in this context, and we declined to interfere with th[at] statutory design by invoking the collateral order doctrine.") (alteration in original); *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1101–1102 (6th Cir. 2002) ("that the collateral order doctrine provides this court jurisdiction over the appeal flies in the face of Congress's purpose in passing § 16. . . . [T]he specific statute governing appeals in the arbitration context was amended in 1988 well after the doctrine had arisen. Congress legislated with

---

collateral."); *ConArt, Inc. v. Hellmuth, Obata + Kassabaum, Inc.*, 504 F.3d 1208, 1211 (11th Cir. 2007) ("Applying the Cohen collateral order doctrine to permit an appeal that § 16(b) specifically prohibits[] would amount to using a judge-made doctrine to erase an unequivocal congressional command."); *Pena v. 220 E. 197 Realty LLC*, 2023 WL 3221019, at *2 n.1 (2d Cir. May 3, 2023) (first finding that there is a no section 16 statutory appeal right over an order compelling arbitration and staying litigation, and then noting that the order was likewise not appealable under the collateral order doctrine because it was not effectively unreviewable).

specificity in the arbitration context, and its statute supersedes the collateral order doctrine").

The Third Circuit has previously examined the interplay between the FAA and the collateral order doctrine in light of the 1988 amendments to the FAA making orders favoring litigation over arbitration immediately appealable. *See AFL-CIO*, 932 F.2d at 207. The *AFL-CIO Court* noted that 9 U.S.C. § 16 was implemented to create "symmetry into the law" as "section 1[6] makes clear that with respect to an interlocutory order issued in an ongoing proceeding, any order favoring litigation over arbitration is immediately appealable[.]" *Id.* This is true even in the remand context because while "28 U.S.C. § 1447(d) makes an order remanding a case non-appealable; it does not affect the appealability of the denial of motion to compel arbitration." *Intertec*, 6 F. App'x at 62.

To the extent that the collateral order doctrine applies, it still supports appellate jurisdiction. The Third Circuit has determined that "28 U.S.C. § 1447(d) d[oes] not bar appellate review of a collateral order that led to remand where the order, 'in logic and in fact,' preceded that of remand." *Carr v. Am. Red Cross*, 17 F.3d 671, 675 (3d Cir. 1994) (quoting

16

*City of Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140, 143

(1934)); *see also Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.,*

179 F.3d 1279, 1286 (11th Cir. 1999) (holding that review is appropriate

"[w]hen a district court enters an order to do something other than

remand (such as a dismissal of a claim or a party), and this order changes

the contours of the state court action after remand").  Ultimately, the best

approach is to "treat all orders declining to compel arbitration as

reviewable."  *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 103 (3d Cir.

2000); *see also Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 212 (3d

Cir. 2007).

## II. Neither *Dahiya* Nor *Harrison* Renders The Memorandum Order Unappealable To The Extent That It Is An Order Denying the Motion to Compel Arbitration

The result in *Dahiya v. Talmidge International, Ltd.*, 371 F.3d 207

(5th Cir. 2004) is not applicable in this case because it is factually

distinguishable, but most importantly because the district court

recognized that the underlying decision was incorrect. *See Dahiya v.*

*Talmidge Int'l, Ltd.*, 2002 WL 31962151 (E.D. La. Oct. 11, 2002) ("*Dahiya*

*I*"). In *Dahiya I,* the district court determined that the "forum selection

clause" calling for arbitration in India or Singapore was "invalid because

it contravenes Louisiana express public policy. Therefore, the employment contract does not provide for arbitration in the territory of a Convention signatory, and the Court finds that no arbitration agreement exists to justify removal under § 205." *Dahiya I*, 2002 WL 31962151, at *2.

The facts underlying the *Dahiya* decisions are distinguishable because they rely on a determination that no arbitration agreement exists, while the Memorandum Order assumes the arbitration agreement and decides the merits of the Motion to Compel Arbitration based on the pleadings. The Memorandum Order recognizes that "[i]f the claims are derivative, Landbridge could likely be bound by the arbitration agreement[,]" which is an acknowledgement that an arbitration agreement actually does exist. Dkt. 50 at 5. Further, the district court determined that Landbridge's claims were not arbitrable because they were not derivative of LHI's claims, that Landbridge could not be bound to the arbitration agreement by theory of estoppel, and that the question of arbitrability is not for the arbitrator despite the arbitration agreement specifically delegating the arbitrability determination. *Id.* at 5–8. The Memorandum Order went beyond merely assessing the district court's

jurisdiction, and as far as ruling on the merits of the Motion to Compel Arbitration.

But even if *Dahiya I* was factually applicable, both the district court and the Louisiana state appellate court later conceded that *Dahiya I* was wrongly decided.  While the appeal of *Dahiya I* was pending, the same district court in an unpublished decision in *Lejano v. K.S. Bandak*, 2000 WL 33416866 (E.D. La. Nov. 3, 2000) "recanted [its] prior remand order in this [*Dahiya I*] case with the following comment: Although the Court lacks jurisdiction to vacate its earlier ruling granting remand in *Dahiya*, after further review of the Supreme Court's" case law "*the Court finds that its ruling in Dahiya was incorrect. Because Judge Feldman no longer had jurisdiction at that point, however, he could not rectify his error and the federal appeal continued.*"  *Dahiya v. Talmidge Int'l Ltd.*, 931 So. 2d 1163, 1166–67 (La. Ct. App.) (emphasis added), *writ denied,* 943 So. 2d 1088 (La. 2006) (quoting *Lejano*); *see also Amizola v. Dolphin Shipowner, S.A.*, 354 F. Supp. 2d 689, 694 (E.D. La. 2004) ("The Court of Appeals for the Fifth Circuit declined to review the remand order because review 'even of egregiously mistaken district court remands' was foreclosed under 28 U.S.C. § 1447(d). The Court of Appeals stated that it might

19

reject the argument for remand [in *Dahiya I*] if it could review that argument because it closely resembled the argument for remand disapproved in *Beiser*.")

In the "protracted" *Dahiya* litigation that continued over two decades, the district court later observed in continued proceedings that "[t]his Court has since observed that its remand ruling [in *Dahiya I*] was erroneous." *Dahiya v. Talmidge Int'l Ltd.*, 487 F. Supp. 3d 529, 532 (E.D. La. 2020). This later *Dahiya* decision, which the district court cited in its March 27 Order (First Federal Action, Dkt. 49, at 8) reflected pronounced evolution of legal authority and reaffirmed "the Convention Act contains expansive original jurisdiction and removal provisions so that cases within the Convention's ambit proceed in federal court unless the parties unequivocally choose otherwise." *Dahiya*, 487 F. Supp. 3d at 533 (citations and quotations omitted); *id.* at 533–34 (noting that "§ 205 is an expansive removal provision" and "[s]o generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal cannot apply to Convention Act cases because ... Congress created special removal rights to channel cases into federal court.") (citations and internal quotations omitted); *Acosta v.*

*Master Maint. & Const. Inc.*, 452 F.3d 373, 377, 379 (5th Cir. 2006) (§ 205 is "one of the broadest removal provisions" and removal is appropriate when "the litigation has some connection, has some relation, has some reference to the arbitration clauses" at issue).

Additionally, the Fifth Circuit's finding in *Dahiya* that the court lacked jurisdiction to review the order because "[r]ecognizing appellate review of such remand orders under § 16 would circumvent § 1447(d)" is contrary to Third Circuit precedent. As the Third Circuit has acknowledged: "The more natural reading of Section 16(a) is to treat all orders declining to compel arbitration as reviewable." *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 592 (3d Cir. 2004) (cleaned up) (quoting *Sandvik AB*, 220 F.3d 99); *see also AFL-CIO*, 932 F.2d at 207 ("any order favoring litigation over arbitration is immediately appealable); *Bacon*, 959 F.3d at 597 ("If we conclude that the order denied a motion to compel arbitration, then we will exercise jurisdiction . . ."). In *Palcko*, this Court found (outside of the remand context) that even an order where the district court found the contract to be *exempt from the FAA* is reviewable under Section 16 of the FAA. *Id.* All orders denying a motion to compel arbitration—whether due to an exemption under the FAA or because

21

there is no arbitration agreement (as in *Dahiya*)—are appealable under Third Circuit precedent.

Moreover, as recently as 2023, this Court acknowledged that "under the Federal Arbitration Act, a party may immediately appeal 'orders that have the effect of declining to compel arbitration.'" *Sarah Car Care*, 2023 WL 5378846, at *1. The Second Circuit has also found that Section 16 creates an immediate right of appeal, even when coupled with a remand. *See* discussion *supra* at 7–9 (analyzing *Intertec*, 6 F. App'x at 62).

With respect to *Harrisson v. NCL (Bahamas) Ltd.*, 691 F.3d 1308 (11th Cir. 2012), that decision was later vacated by *Harrisson v. NCL (Bahamas) Ltd.*, 707 F.3d 1254, 1255 (11th Cir. 2013). In both the Third and Eleventh Circuits, a vacated opinion is void has no legal effect whatsoever and "carries no precedential force." *1621 Route 22 W. Operating Co., LLC v. Nat'l Labor Relations Bd.*, 825 F.3d 128, 141 (3d Cir. 2016); *United States v. Mejia-Duarte*, 780 F. App'x 730, 737 (11th Cir. 2019). The *Harrison* Court relied heavily on *Dahiya*, which was concededly erroneous. Moreover, unlike the order appealed here, the district court's analysis in *Harrisson* was "limited to the question of whether the [arbitration] clause was valid for purposes of subject matter

jurisdiction." 691 F.3d at 1313.  The district court here did not limit its review to the question of subject matter jurisdiction, but also made determinations on the arbitrability of claims, whether claims were derivative or direct, and whether estoppel applied, expressly considering the merits of the Motion to Compel—not just the threshold jurisdictional inquiry. Dkt, 50 at 5–8.

Thus, neither the application of 28 U.S.C. §1447(d) (analyzed *supra*), *Dahiya,* nor *Harrison* undermine the immediately appealability of an order that has the effect of denying a motion to compel arbitration pursuant to 9 U.S.C. § 16.

### III.   The Federal Arbitration Act Provides for an Immediate Appeal from an Order Denying a Motion to Compel Arbitration and the Procedural Posture of Remand Cannot Alter a Parties' Rights under the FAA

The FAA provides for an immediate appeal of an order denying a motion to compel arbitration, without regard to whether the order is the result of an original claim or a removed claim.  *See Henry*, 72 F.4th at 504 ("We have consistently held that under 9 U.S.C. § 16(a), "all orders that have the effect of declining to compel arbitration [are] reviewable."); *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 597 (3d Cir. 2020) ("whether § 16(a) gives us jurisdiction over the District Court's order

hinges on whether the order involves a § 3 motion for a stay or a § 4 or § 206 petition or motion to compel arbitration. . . . If we conclude that the order denied a motion to compel arbitration, then we will exercise jurisdiction even if that order is not final) (citations omitted). There is no provision in Section 16 that draws such a distinction and to artificially do so would encourage inconsistent results that undermine the statutory intent.

A simple contrast illustrates the point. If the Notarc Parties had filed an independent petition to compel arbitration under § 206 in a district court, there would have been *prima facia* subject matter jurisdiction under § 203. *See, e.g., Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*, 866 F.3d 709, 712 (5th Cir. 2017). The federal subject matter jurisdiction would have been created by the NY Convention, as reflected in 9 U.S.C. § 203, which states that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States" so that the district courts "shall have original jurisdiction." *Id.* It is equally established that there is an immediate right of appeal from an order denying arbitration in an action originally brought in the district court. *See, e.g., Coinbase, Inc.*, 599 U.S.

at 739 (finding that Section 16(a) authorizes an immediate appeal from the denial of a motion to compel arbitration, which was filed in the district court); *Palcko*, 372 F.3d at 592 (finding "interlocutory appeals of orders denying motions to compel arbitration clearly endows us with appellate jurisdiction even in instances when the validity of the underlying contract to arbitrate is in doubt").

Appellate jurisdiction should not be, and is not, different under the FAA and the NY Convention just because that same motion to compel arbitration under the exact same facts was removed to the district court. In either instance, Section 16 provides for immediate appellate review. To find otherwise, would undermine the intent of the FAA and U.S. treaty law to review orders that encourage unnecessary litigation before the courts have fully determined whether a dispute should be arbitrated. *See Intertec*, 6 F. App'x at 62; *AFL-CIO*, 932 F.2d at 207 (FAA makes orders favoring litigation over arbitration immediately appealable to create "symmetry into the law" as "section 1[6] makes clear that with respect to an interlocutory order issued in an ongoing proceeding, any order favoring litigation over arbitration is immediately appealable[.]") (internal quotation marks omitted).

Further, a parties' statutory right of appeal should not hinge on a race to the courthouse and whether the claim of arbitration is brought as a plaintiff in an initial petition to the district court or as a defendant moving to compel after removing from state court. *See e.g.*, *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 88–89 (2000) ("The plain language of the statutory text does not suggest that Congress intended to incorporate the rather complex independent/embedded [litigation] distinction . . . into § 16 . . ."). Such a discrepancy in the application of Section 16 would severely prejudice any defendant. This could only serve to encourage pre-emptive, and possibly unnecessary litigation, as each party sensing reluctance to arbitrate a dispute quickly races to the district court to file a petition to compel and preserve its appellate rights.

## CONCLUSION

The district court's Memorandum Order is immediately appealable because Appellants do not seek review of the remand, but instead only seek to appeal the determination of the order that has the effect of denying a motion to compel.

Dated:  May 16, 2024

Respectfully submitted,

*s/ Chad S.C. Stover*
Chad S.C. Stover
Delaware Bar No. 4919
BARNES & THORNBURG LLP
222 Delaware Avenue
Suite 1200
Wilmington, DE 19801
Telephone: (302) 300-3474
Facsimile: (302) 300-3456
chad.stover@btlaw.com

John Arrastia, Jr.
Jennifer M. Hernandez
CONTINENTAL PLLC
255 Alhambra Circle
Suite 640
Coral Gables, FL 33134
Telephone: (305) 677-2707
jarrastia@continentalpllc.com
jhernandez@continentalpllc.com

***Counsel for Appellants***